# EXHIBIT "A"

17474-01
TD

MONTENEGRO, THOMPSON, MONTENEGRO & GENZ
531 Burnt Tavern Road
P.O. Box 1049
Brick, NJ 08724
(732) 295-4500
Attorneys for Plaintiff

BOROUGH OF SPRING LAKE HEIGHTS
JUL 22 2009

| | |
|---|---|
| JOSEPH DELLAGO<br><br>Plaintiff,<br>vs.<br><br>ANDREW O'NEILL, DOUGLAS MAYER, CHRISTOPHER BENNETT, EDWARD GUNNELL, BARRY JOHNSTONE, POLICE DEPARTMENT OF THE BOROUGH OF SPRING LAKE HEIGHTS, BOROUGH OF SPRING LAKE HEIGHTS, AND JOHN DOE 1-10 (presently fictitious and unknown),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MONMOUTH COUNTY<br>DOCKET NO. MON-L-3361-09<br><br>CIVIL ACTION<br><br>SUMMONS |

RECEIVED JUL 23 2009
By____

From the State of New Jersey
To the Defendant(s) Named Above: CLERK, BOROUGH OF SPRING LAKE HEIGHTS

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: July 20, 2009

                                                  /s/ Theordore J. Fetter
                                                  *Superior Court Clerk(acting)*

Name of Defendant to Be Served: **Clerk, Borough of Spring Lake Heights**
Address of Defendant to Be Served: Borough of Spring Lake Police Department
555 Brighton Avenue, Spring Lake Heights, NJ  07762

| ATLANTIC COUNTY: | CUMBERLAND COUNTY: | MERCER COUNTY: | SALEM COUNTY: |
|---|---|---|---|
| Deputy Clerk of the Superior Court Civil Division, Direct Filing Atlantic County Civil Court Bldg. First Floor 1201 Bacharach Boulevard Atlantic City, NJ 08401 (609) 345-6700 LAWYER REFERRAL (609) 345-3444 LEGAL SERVICES/ (609) 348-4200 | Deputy Clerk of the Superior Court Civil Case Management Office Cumberland County Courthouse Broad & Fayette Streets P.O. Box 615 Bridgeton, NJ 08302 (856) 451-8000 LAWYER REFERRAL (856) 692-6207 LEGAL SERVICES (856) 451-0003 | Deputy Clerk of the Superior Court Local Filing Office, Courthouse 175 South Broad St., P.O. Box 8068 Trenton, NJ 08650 (609) 278-7986 LAWYER REFERRAL (609) 585-6200 LEGAL SERVICES (609) 695-6249 | Deputy Clerk of the Superior Court Salem County Courthouse 92 Market Street P.O. Box 18 Salem, NJ 08079 (856) 935-7510 LAWYER REFERRAL (856) 935-5628 LEGAL SERVICES (856) 451-0003 |
| BERGEN COUNTY: | ESSEX COUNTY: | MIDDLESEX COUNTY: | SOMERSET COUNTY: |
| Deputy Clerk of the Superior Court Case Processing Section, Room 119 Bergen County Justice Center 10 Main Street Hackensack, NJ 07601-0769 (201) 646-2800 LAWYER REFERRAL (201) 488-0044 LEGAL SERVICES (201) 487-2166 | Deputy Clerk of the Superior Court 50 West Market Street, Room 131 Newark, NJ 07102 (973) 693-5700 LAWYER REFERRAL (973) 622-6207 LEGAL SERVICES (973) 624-4500 | Deputy Clerk of the Superior Court Middlesex Administration Building, 3rd Floor 1 Kennedy Square, P.O. Box 2633 New Brunswick, NJ 08903-2633 (732) 981-3200 LAWYER REFERRAL (732) 828-0053 LEGAL SERVICES (732) 249-7600 | Deputy Clerk of the Superior Court Civil Division Office New Courthouse, 3rd Floor P.O. Box 3000 Somerville, NJ 08876 (908) 231-7000 LAWYER REFERRAL (908) 685-2323 LEGAL SERVICES (908) 231-0840 |
| BURLINGTON COUNTY: | GLOUCESTER COUNTY: | MONMOUTH COUNTY: | SUSSEX COUNTY: |
| Deputy Clerk of the Superior Court Central Processing Office Attn: Judicial Intake Burlington County Court Facility, First Floor 49 Rancocas Road Mount Holly, NJ 08060 (609) 518-2500 LAWYER REFERRAL (609) 261-4862 LEGAL SERVICES (609) 261-1088 | Deputy Clerk of the Superior Court Civil Case Management Office Attn: Intake First Floor, Court House 1 North Broad Street, P.O. Box 129 Woodbury, NJ 08096 (856) 853-3200 LAWYER REFERRAL (856) 848-4589 LEGAL SERVICES (856) 848-5360 | Deputy Clerk of the Superior Court Monmouth County Courthouse 71 Monument Park P.O. Box 1269 Freehold, NJ 07728-1269 (732) 431-7872 LAWYER REFERRAL (732) 431-5544 LEGAL SERVICES (732) 866-0020 | Deputy Clerk of the Superior Court Sussex County Judicial Center 43-47 High Street Newton, NJ 07860 (973) 579-0675 LAWYER REFERRAL (973) 267-5882 LEGAL SERVICES (973) 383-7400 |
| CAMDEN COUNTY: | HUDSON COUNTY: | MORRIS COUNTY: | UNION COUNTY: |
| Deputy Clerk of the Superior Court Civil Processing Office First Floor, Hall of Records 101 South Fifth Street Camden, NJ 08103 (856) 225-5000 LAWYER REFERRAL (856) 964-4520 LEGAL SERVICES (856) 964-2010 | Deputy Clerk of the Superior Court Civil Records Dept. Brennan Courthouse, First Floor 583 Newark Avenue Jersey City, NJ 07306 (201) 795-6000 LAWYER REFERRAL (201) 798-2727 LEGAL SERVICES (201) 792-6363 | Deputy Clerk of the Superior Court Civil Division 30 Schuyler Place, P.O. Box 910 Morristown, NJ 07960-0910 (973) 656-4110 LAWYER REFERRAL (973) 267-5882 LEGAL SERVICES (973) 285-6911 | Deputy Clerk of the Superior Court Union County Courthouse 2 Broad Street, First Floor Elizabeth, NJ 07207-6073 (908) 659-4100 LAWYER REFERRAL (908) 353-4715 LEGAL SERVICES (908) 354-4340 |
| CAPE MAY COUNTY: | HUNTERDON COUNTY: | OCEAN COUNTY: | WARREN COUNTY: |
| Deputy Clerk of the Superior Court Cape May County Courthouse 9 North Main Street Box DN-209 Cape May Court House, NJ 08210 (609) 465-1000 LAWYER REFERRAL (609) 463-0313 LEGAL SERVICES (609) 465-3001 | Deputy Clerk of the Superior Court Civil Division 65 Park Avenue Flemington, NJ 08822 (908) 788-1589 LAWYER REFERRAL (908) 735-2611 LEGAL SERVICES (908) 782-7979 | Deputy Clerk of the Superior Court Courthouse, Room 119 118 Washington Street Toms River, NJ 08754 (732) 244-2121 LAWYER REFERRAL (732) 240-3666 LEGAL SERVICES (732) 341-2727 | Deputy Clerk of the Superior Court Civil Division Office Warren County Courthouse 413 Second Street Belvidere, NJ 07823-1500 (908) 475-6161 LAWYER REFERRAL (973) 267-5882 LEGAL SERVICES (908) 475-2010 |
| | | PASSAIC COUNTY: Deputy Clerk of the Superior Court | |

```
MONTENEGRO, THOMPSON, MONTENEGRO & GENZ
531 Burnt Tavern Road
P.O. Box 1049
Brick, NJ  08724
(732) 295-4500
Attorneys for Plaintiff
```



RECEIVED JUL 10 2009 MONMOUTH VICINAGE CIVIL DIVISION 005

| | |
|---|---|
| JOSEPH DELLAGO<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW O'NEIL, DOUGLAS MAYER, CHRISTOPHER BENNETT, EDWARD GUNNELL, BARRY JOHNSTONE, POLICE DEPARTMENT OF THE BOROUGH OF SPRING LAKE HEIGHTS, BOROUGH OF SPRING LAKE HEIGHTS, AND JOHN DOE 1-10 (presently fictitious and unknown),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MONMOUTH COUNTY<br><br>DOCKET NO. MON-L<br><br>CIVIL ACTION<br><br>COMPLAINT, JURY DEMAND<br>and DESIGNATION OF TRIAL COUNSEL |

Plaintiff, JOSEPH DELLAGO, by way of Complaint against the defendant(s), hereby alleges and says:

### FIRST COUNT

1.  On or about July 14, 2007, the plaintiff, Joseph Dellago, while arrested and restrained in Spring Lake Heights, New Jersey, was atrociously assaulted and battered by Patrolman Andrew O'Neil and/or Patrolman Douglas Mayer, and/or Patrolman Christopher Bennett, and/or Patrolman Edward Gunnell, and/or Sergeant Barry Johnstone, and/or Patrolmen John Doe 1-3, who were acting individually and as agents, servants or employees of the Police Department of the Borough of Spring Lake Heights, New Jersey, which is a department of the Borough of Spring Lake Heights, New Jersey.

2. The actions of the defendants aforesaid were illegal and amounted to police brutality committed by them against the plaintiff, Joseph Dellago. The actions also amounted to a commission of an assault and battery on the plaintiff, Joseph Dellago, by the defendants.

3. The actions of the defendants aforesaid were also a deprivation of the civil and constitutional rights of the plaintiff Joseph Dellago, secured by the United States Constitution, the Constitution of the State of New Jersey and certain laws of the United States of America and of the State of New Jersey.

4. A Tort Claim Notice was timely served on the aforesaid defendants. A true copy of the Tort Claim Notice that was served on the Borough of Spring Lake Heights is attached hereto as Exhibit A.

5. Plaintiff, Joseph Dellago, incorporates in his complaint the factual version of the assault and police brutality as set forth in the Tort Claim Notice aforesaid in Section 3 of the Notice.

6. As a result of the actions of the defendants, the plaintiff was damaged and continues to be damaged.

7. Due to the egregious actions of the individual defendants, they are liable to the plaintiff for punitive damages for their willful and wanton conduct and/or their reckless disregard of the rights of the plaintiff aforesaid.

8. As a result of the actions of the defendants aforesaid, plaintiff, Joseph Dellago, sustained temporary and permanent injuries, lost income, was compelled to expend money for his medical care and was otherwise damaged.

WHEREFORE, plaintiff, Joseph Dellago, demands judgment against the individual defendants, Patrolman Andrew O'Neil and/or Patrolman Douglas Mayer, and/or Patrolman Christopher Bennett, and/or Patrolman Edward Gunnell, and/or Sergeant Barry Johnstone, and/or Patrolmen John Doe 1-3, jointly, severally and in the alternative for compensatory and punitive damages and his attorney's fees and costs and judgment against defendants, Police Department of the Borough of Spring Lake Heights, New Jersey and the Borough of Spring Lake Heights, New Jersey, for compensatory damages, together with interest and costs of suit.

## SECOND COUNT

1. Plaintiff repeats the allegations of the First Count as if set forth in full herein.

2. The actions of defendants, Patrolman Andrew O'Neil, Patrolman Douglas Mayer, Patrolman Christopher Bennett, Patrolman, Edward Gunnell, Sergeant Barry Johnstone and/or Patrolmen John Doe 1-3, were also negligent conduct on their part with respect to the plaintiff.

When acting aforesaid, these defendants were acting individually and as agents, servants or employees of the Police Department of the Borough of Spring Lake Heights and of the Borough of Spring Lake Heights.

3. As a result of the negligence aforesaid, plaintiff sustained temporary and permanent injuries, lost income, was compelled to expend money for his medical care and was otherwise damaged.

4. As a result thereof, the plaintiff was damaged and continues to be damaged.

WHEREFORE, plaintiff, Joseph Dellago, demands judgment against defendants, Patrolman Andrew O'Neil, Patrolman Douglas Mayer, Patrolman Christopher Bennett, Patrolman, Edward Gunnell, Sergeant Barry Johnstone, and/or Patrolmen John Doe 1-3, and Police Department of the Borough of Spring Lake Heights and Borough of Spring Lake Heights, jointly, severally and in the alternative for damages together with interest and cost of suit.

### THIRD COUNT

1. Plaintiff repeats the allegations of the previous counts as if set forth in full herein.

2. The actions of the individual defendants named aforesaid in this Complaint amount to a violation of 42 U.S.C. 1983 which statute prohibits persons under the color of law or statute from depriving a citizen of any rights, privileges or immunities secured by the United States Constitution, the laws of the United States of America, and the Constitution and laws of the State of New Jersey.

3. As a result of the actions of the defendants aforesaid, plaintiff was deprived of his rights, privileges and immunities secured by the United States Constitution, the laws of the United States of America and of the Constitution and laws of the State of New Jersey.

4. Based on the aforesaid violation of 42 U.S.C. 1983, the individual defendants, Patrolman Andrew O'Neil, Patrolman Douglas Mayer, Patrolman Christopher Bennett, Patrolman, Edward Gunnell, Sergeant Barry Johnstone, and/or Patrolmen John Doe 1-3, are liable to the plaintiff for

damages together with interest, attorney's fess and costs to prosecute this action. and of the Constitution and Law of the State of New Jersey.

5. As a result of the actions of the defendants aforesaid in violation of 42 U.S.C. 1983, the plaintiff sustained temporary and permanent injuries, lost income, was compelled to expend money for his medical care and was otherwise damaged.

6. Based on the aforesaid violation of 42 U.S.C. 1983, the individual defendants, Patrolman Andrew O'Neil, Patrolman Douglas Mayer, Patrolman Christopher Bennett, Patrolman, Edward Gunnell, Sergeant Barry Johnstone, and Patrolmen John Doe 1-3, are liable for plaintiff's attorney's fees and costs to prosecution of this claim.

7. Due to the egregious conduct and/or the willful and wanton conduct and/or the reckless disregard of the rights of the plaintiff by the individual defendants, they are also liable to the plaintiff for punitive damages and/or treble damages.

8. As a result thereof, the plaintiff was damaged and continues to be damaged.

WHEREFORE, plaintiff demands judgment against Patrolman Andrew O'Neil, Patrolman Douglas Mayer, Patrolman Christopher Bennett, Patrolman, Edward Gunnell, Sergeant Barry Johnstone, and Patrolmen John Doe 1-3 for:

    A) Compensatory damages;

    B) Punitive damages;

    C) Treble damages;

    D) Attorneys fees and costs of suit.

## FOURTH COUNT

1. Plaintiff repeats the allegations of the previous counts as if set forth in full herein.

2. Defendant, Police Department of the Borough of Spring Lake Heights and the Borough of Spring Lake Heights, were negligent in continuing to allow Patrolman Andrew O'Neil to act as a police officer dealing with the public at the time of the incident aforesaid as they were aware of prior allegations against him of assaultive conduct on citizens which were of record and had been reported to the aforesaid defendants.

3. The aforesaid defendants should have suspended the defendant, Patrolman Andrew O'Neil and/or not had him on patrol duty dealing with the public until any allegations of assaultive behavior against him were investigated and a determination of the true facts were made.

4. As a result of the aforesaid defendants continuing to allow Patrolman Andrew O'Neil to serve as a police officer, the plaintiff sustained temporary and permanent injuries, lost income, was compelled to expend money for his medical care and was otherwise damaged.

5. As a result thereof, the plaintiff was damaged and continues to be damaged.

WHEREFORE, plaintiff, Joseph Dellago, demands judgment against defendant, Police Department of the Borough Spring Lake Heights, and the Borough of Spring Lake Heights, jointly, severally and in the alternative, for damages together with interest and costs of suit.

## FIFTH COUNT

1. Plaintiff repeats the allegations of the previous counts as if set forth herein in full.

2. The actions of the individual defendants aforesaid amounts to the commission of police brutality on the plaintiff.

3. As a result of the police brutality, the plaintiff sustained temporary and permanent injuries, lost income, was compelled to expend money for his medical care and was otherwise damaged.

4. Due to the egregious actions of the individual defendants, they are liable to the plaintiff for punitive damages for their willful and wanton conduct and/or their reckless disregard of the rights of the plaintiff aforesaid.

5. As a result of the actions of the defendants, the plaintiff was damaged and continues to be damaged.

WHEREFORE, plaintiff, Joseph Dellago, demands judgment against the individual defendants, Patrolman Andrew O'Neil and/or Patrolman Douglas Mayer, and/or Patrolman Christopher Bennett, and/or Patrolman Edward Gunnell, and/or Sergeant Barry Johnstone, and/or Patrolmen John Doe 1-3, jointly, severally and in the alternative for compensatory and punitive damages and his attorney's fees and costs and judgment against defendants, Police Department of the Borough of Spring Lake Heights, New Jersey and the Borough of Spring Lake Heights, New Jersey

## SIXTH COUNT

1. Plaintiff repeats the allegations of the previous counts as if set forth in full herein.

2. In the event discovery indicates that any other persons are responsible for the allegations made by the plaintiff in the previous counts of the Complaint, then John Doe 4-10 are the persons presently unknown who are liable to the plaintiff for their respective involvement as to the facts alleged previously in the Complaint.

The aforesaid defendants were acting individually and as agents, servants or employees of the Police Department of the Borough of Spring Lake Heights and the Borough of Spring Lake Heights.

3. As a result of the actions of these unknown defendants, plaintiff sustained temporary and permanent injuries, lost income, was compelled to expend money for his medical care, and was otherwise damaged.

4. As a result of the actions of defendants, John Doe 4-10, the plaintiff was damaged and continues to be damaged.

WHEREFORE, plaintiff, Joseph Dellago, demands judgment against defendants, John Doe 4-10, jointly, severally and in the alternative, for compensatory damages, punitive damages, treble damages, attorney's fees and costs of suit and against the defendants, Police Department of the Borough of Spring Lake Heights and the Borough of Spring Lake Heights, for compensatory damages, together with costs of suit.

MONTENEGRO, THOMPSON,
MONTENEGRO & GENZ

By: _____
EDWARD A. GENZ, ESQ.

DATED: July 10, 2009

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues of the within Complaint.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Plaintiff hereby designates EDWARD A. GENZ, ESQUIRE, as trial counsel in the within matter.

## CERTIFICATION PURSUANT TO RULE 4:5-1(b)(2)

I hereby certify that the within matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding. No other action or arbitration proceeding is contemplated at this time and there are no other parties who should be joined in this action.

I further certify that I am aware of the continuing obligation during the course of this litigation to file and serve on all other parties and with the Court an amended certification if there is a change in the facts stated herein.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to Rule 4:17-1(b)(ii), demand is hereby made that the Defendants answer Uniform Interrogatories, Form C, within the time prescribed by the Rules of Court.

## DEMAND FOR INSURANCE INFORMATION

Pursuant to Rule 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on insurance business may be

liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

         MONTENEGRO, THOMPSON,
          MONTENEGRO & GENZ
         Attorneys for Plaintiff

        By: _____
          EDWARD A. GENZ, ESQ.

DATED: July 10, 2009

**EXHIBIT A**

MONTENEGRO, THOMPSON, MONTENEGRO & GENZ
531 Burnt Tavern Road
P.O. Box 1049
Brick, NJ 08724
(732) 295-4500
Attorneys for Claimant

TO: Borough of Spring Lake Heights, New Jersey
c/o Ms. Theresa Casagrande,
Business Administrator and Acting Clerk
555 Brighton Avenue
Spring Lake Heights, NJ 07762

## NOTICE OF TORT CLAIM AGAINST PUBLIC ENTITY

1. **NAME AND ADDRESS OF CLAIMANT:**

   Joseph Dellago
   818 13th Avenue, Belmar, NJ 07712

2. **THE POST OFFICE ADDRESS TO WHICH THE PERSON PRESENTING THE CLAIM DESIRES NOTICES TO BE SENT:**

   EDWARD A. GENZ, ESQUIRE
   MONTENEGRO, THOMPSON, MONTENEGRO & GENZ
   531 Burnt Tavern Road, PO Box 1049
   Brick, New Jersey 08724

3. **THE DATE, PLACE AND OTHER CIRCUMSTANCES OF THE TRANSACTIONS THAT GAVE RISE TO THE CLAIM ASSERTED HEREIN:**

   Atrocious assault and battery and/or police brutality and/or deprivation of civil and/or constitutional rights committed against Joseph Dellago on July 14, 2007 by certain police officers of the Borough of Spring Lake Heights, New Jersey. The police officers who committed the atrocious assault and battery and the other wrongs are Patrolman Andrew O'Neil, Patrolman Douglas Mayer, Patrolman Christopher Bennett, Patrolman Edward Gunnell and/or Sergeant Barry Johnstone.

   The incident occurred at approximately 12:26 a.m. on July 14, 2007 on the 500 block of Central Avenue in the Borough of Spring Lake Heights, New Jersey.

   Specifically Mr. Dellago was wrongfully pulled out of his vehicle by Patrolman Andrew O'Neil. This officer also put his foot or knee on Mr. Dellago's neck and head area and was pushing his head into the macadam. Patrolman O'Neil further pulled Mr. Dellago's arm upwards and in the wrong

way while the other officer who had Mr. Dellago's other arm who was trying to handcuff him.

In addition Patrolman O'Neil together with an unknown officer wrongfully pushed Mr. Dellago first to his knees and then pushed his entire body down on the macadam.

Another unknown officer assisted Patrolman O'Neil in pushing Mr. Dellago first to his knees then pushing his entire body to the macadam.

Another unknown officer was stepping on Mr. Dellago's upper body wrongfully. Also one of the officers involved kicked Mr. Dellago very hard in his testicles while Mr. Dellago was lying prone on the ground after having been handcuffed.

Also negligent retention and allowing to remain on duty Patrolman O'Neil after he allegedly assaulted Sherry Rinaldo and a Mr. Reynolds on separate occasions.

4. GENERAL DESCRIPTION OF THE INJURY, DAMAGE OR LOSS INCURRED SO FAR AS KNOWN AT THE TIME OF THE PRESENTATION OF THE WITHIN CLAIM:

On July 14, 2007 claimant Joseph Dellago suffered physical, psychological and emotional injuries when he was atrociously assaulted by certain police officers of the Borough of Spring Lake Heights, New Jersey. At the time and place aforesaid the claimant Joseph Dellago was also subjected to police brutality by the police officers who also deprived him of his civil and/or constitutional rights as a result of their conduct.

Mr. Dellago suffered lacerations to his face and to other parts of his body and has scars. He also had lacerations to both of his knees and to his left shoulder. His left shoulder and arm were injured and have been sore and aching since he incident. His left elbow also bothers Mr. Dellago since the incident.

Further Mr. Dellago as a result of having his head strike the macadam is now suffering from blurred vision which has required him to obtain glasses. Also Mr. Dellago's neck and back are still sore and his left hip aches as a result of the assault.

5. NAME(S) OF THE PUBLIC ENTITY OR EMPLOYEE(S) CAUSING THE INJURY, DAMAGE OR LOSS, IF KNOWN:

Borough of Spring Lake Heights through the acts of Patrolman Andrew O'Neil, Patrolman Douglas Mayer, Patrolman Christopher Bennett, Patrolman Edward Gunnell and/or Sergeant Barry Johnstone, all who are police officers of the Borough of Spring Lake Heights, New Jersey.

6. **THE AMOUNT CLAIMED AS OF THE DATE OF PRESENTATION OF CLAIM INSOFAR AS KNOWN:**

Damages claim of Ten Million Dollars ($10,000,000.00) as a result of the atrocious assault and battery, police brutality and/or the deprivation of constitutional and civil rights of the claimant Joseph Dellago.

MONTENEGRO, THOMPSON,
MONTENEGRO & GENZ, P.C.

BY: _____
EDWARD A. GENZ, ESQUIRE

DATED: October 10, 2007

Appendix XII-B1



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: CK  CG  CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Edward A. Genz, Esq. | (732) 295-4500 | Monmouth |

| FIRM NAME (If applicable) | DOCKET NUMBER (When available) |
|---|---|
| MONTENEGRO, THOMPSON, MONTENEGRO & GENZ, P.C. | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 531 Burnt Tavern Road<br>Brick, NJ  08724 | Complaint |
| | JURY DEMAND  ☒ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| JOSEPH DELLAGO, Plaintiff | Joseph Dellago vs. Andrew O'Neil, Douglas Mayer, Christopher Bennett, Edward Gunnell, et. al. |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO |
|---|---|
| 602 | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?  ☐ YES  ☒ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  ☐ YES  ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN<br>☐ NONE<br>☒ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ☐ YES  ☒ NO | IF YES, IS THAT RELATIONSHIP  ☐ EMPLOYER-EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)  ☐ FAMILIAL  ☐ BUSINESS |
|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

Personal injuries from assault and battery by police officers and violation of 42 U.S.C. 1983.

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  ☐ YES  ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
|---|---|

| WILL AN INTERPRETER BE NEEDED?  ☐ YES  ☒ NO | IF YES, FOR WHAT LANGUAGE: |
|---|---|

ATTORNEY SIGNATURE: *Edward A. Genz*    7/10/09

Revised 09/2009, CN 10517-English                                   page 1 of 2

 

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
- 999  OTHER (Briefly describe nature of action)

**Track II — 300 days' discovery**
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603  AUTO NEGLIGENCE – PERSONAL INJURY
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 699  TORT – OTHER

**Track III — 450 days' discovery**
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES
- 620  FALSE CLAIMS ACT

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 280  ZELNORM
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Mass Tort (Track IV)**
- 248  CIBA GEIGY
- 266  HORMONE REPLACEMENT THERAPY (HRT)
- 271  ACCUTANE
- 272  BEXTRA/CELEBREX
- 274  RISPERDAL/SEROQUEL/ZYPREXA
- 275  ORTHO EVRA
- 276  DEPO-PROVERA
- 277  MAHWAH TOXIC DUMP SITE
- 278  ZOMETA/AREDIA
- 279  GADOLINIUM
- 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282  FOSAMAX
- 283  DIGITEK
- 284  NUVARING
- 601  ASBESTOS
- 619  VIOXX

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:
☐ Verbal Threshold          ☐ Putative Class Action          ☒ Title 59